UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARLENE WAKEFIELD,                                )<br>                                                                  )<br>                  Plaintiff,                              )<br>         vs.                                                  )<br>                                                                  )<br>VONS COMPANIES, INC.,                    )<br>                                                                  )<br>                  Defendant.                           )<br>                                                                  ) | Case No.: 2:11-cv-01981-GMN-CWH<br><br>**ORDER** |

This is a civil suit originally filed in state court by Plaintiff Arlene Wakefield against Defendant Safeway Inc., d/b/a The Vons Companies, Inc. Pending before the Court is Plaintiff's Motion to Remand (ECF No. 6).

**I.    BACKGROUND**

Plaintiff filed the instant lawsuit on November 24, 2010 in the Eighth Judicial District Court[1], Clark County, Nevada. Plaintiff subsequently filed an Amended Complaint against Defendant on March 29, 2011. (Amended Complaint, Ex. A to Petition for Removal, ECF No. 1.) In the Amended Complaint, Plaintiff requests a sum in excess of $10,000.00 for general damages, a sum in excess of $10,000.00 for special damages for medical care and treatment, a sum in excess of $10,000.00 for pain and suffering and extreme emotional distress, and for attorney's fees, costs and other equitable relief. Defendant was served with the Summons and Complaint on February 2, 2011, and was served with Plaintiff's Amended Complaint on April 27, 2011.

On November 28, 2011, Plaintiff served Defendant with a Third Disclosure Supplement that listed her medical costs as $219,801.00, in contrast to Plaintiff's Second Disclosure

---

[1] Although the original state court Complaint has not been provided to the Court by either party, there is no dispute as to this date.

Supplement, dated October 20, 2011, which listed the total as $24,093.00.

On December 9, 2011, Defendant filed the Petition for Removal under 28 U.S.C. § 1441, claiming that receipt of Plaintiff's Third Disclosure Supplement was the first time Defendant had notice of removability, pursuant to 28 U.S.C. § 1446(b). (ECF No. 1.)

In her Reply, Plaintiff's sole argument is that Defendant had notice as of November 1, 2011, at the latest, and that therefore Defendant's Petition for Removal is untimely.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1446(b), a defendant may remove a civil action or proceeding beyond the expiration of thirty (30) days from receipt of the initial pleading or summons, "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  This provision is limited by the exception "that a case may not be removed on the basis of jurisdiction conferred by section 1332 of [Title 28] more than 1 year after commencement of the action. *Id.*; *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998).  In Nevada, "[a] civil action is commenced by filing a complaint with the court." Nev. R. Civ. P. 3.

In general, removal statutes are to be strictly construed against removal and in favor of remand. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).  The one-year limitation on removal was intended "as a means of reducing the opportunity for removal after substantial progress has been made in state court," so as to minimize "substantial delay and disruption" that may result from removal late in the proceedings.  H.R. Rep. No. 100-889, at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032-33.

## III.    DISCUSSION

Here, Plaintiff commenced this action on November 24, 2010, by filing suit in state court.

Defendants filed for removal on December 9, 2011. Regardless of whether Defendants did in fact receive notice of removability no earlier than November 28, 2011, Defendants' petition for removal was filed past the one-year deadline. Neither party addresses the one-year bar to removal in any of the documents filed with the Court. Nevertheless, the Court finds that the one-year limitation applies, and will grant Plaintiff's Motion to Remand based upon this bar to removal.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 6) is hereby **GRANTED**.

**DATED** this 5th day of January, 2012.

_____
Gloria M. Navarro
United States District Judge